# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DEMETRIA CLARE LUNNY,

                                    Plaintiff,

    v.

                                                        6:14-CV-425

MRS. LUCILE SOLDATO,                                 (GLS/ATB)
Comm'r "Employee" of the Dep't
of Social Services,

                                    Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DEMETRIA CLARE LUNNY
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Plaintiff filed this civil rights action on April 15, 2014, together with a motion to proceed in forma pauperis ("IFP"). (Complaint ("Compl.") (Dkt. No. 1). After a thorough review of the complaint, I granted plaintiff's IFP application, but recommended dismissing the action without prejudice to plaintiff submitting an amended complaint for the court's review. (Dkt. No. 4). On July 11, 2014, Chief Judge Sharpe adopted my recommendation and afforded plaintiff thirty days from the date of his order within which to file a proposed amended complaint. (Dkt. No. 5). On August 6, 2014, plaintiff filed what she has labeled her "Amended Complaint." (Dkt. No. 6). The Clerk has sent plaintiff's amended complaint to me for my review. Plaintiff has apparently misunderstood the concept of filing an amended complaint, notwithstanding the court's explanation of the appropriate standards.

# DISCUSSION

## I. Original Complaint

I will repeat the facts as I stated in my previous Report-Recommendation. In her civil rights complaint, brought pursuant to 42 U.S.C. § 1983, plaintiff named as a defendant, Lucille Soldato, the Commissioner of the Department of Social Services ("DSS") in Utica, New York. Plaintiff claimed that, on an unspecified date,[1] she went to DSS to advise a "Representative" of plaintiff's financial status. (Compl. at CM/ECF p.2). Plaintiff alleged that she was unable to obtain funds from her "spouse," due to an order of protection filed against him. Plaintiff stated that she complied with all the DSS requirements for "assistance," but that she was "taken out of DSS" on an unspecified date because she continued to ask for assistance after she was diagnosed with Bipolar Disorder. (*Id.*)

Plaintiff claimed that, defendant Soldato "beliddled [sic]" plaintiff in front of a room full of people and told her that she was the commissioner, and that DSS could not help plaintiff by adding funds to her account because the money was already going toward her rent. (*Id.*) Plaintiff stated that Ms. Tianya Smith[2] informed the plaintiff that

---

[1] Plaintiff left a "blank" space in the sentence in which she stated that she went to DSS to discuss her financial condition. It appeared to this court that plaintiff wished to put a date in the complaint, but neglected to do so. The complaint reads: "On _____ I came into DSS and advise [sic] Repesentative about my financial status." (Compl. at CM/ECF p. 2).

[2] In my recommendation, I noted that Ms. Smith was not named in the caption of the complaint as a defendant. Later in the complaint, plaintiff stated: "Please note Mrs. Tianya Smith [(Domestic Violence Liaison)] + Mrs. Lucille Soldato are <u>equally responsible</u> for my ongoing mental out burst [sic] . . . ." (Compl. at CM/ECF p. 5). Plaintiff's exhibits contained many documents signed or co-signed by Tianya Smith, who plaintiff stated was the "Domestic Violence Liaison," who dealt with plaintiff and her paperwork. (*See e.g.* Dkt. No. 1-1 at 44, 46).

once DSS obtained her diagnosis, she would receive money. (Compl. at 3). Plaintiff alleges that when she told defendant Soldato that Ms. Smith had advised plaintiff about the money, Ms. Soldato became irate and told plaintiff "that is not her[3] responsibility," and then advised plaintiff's landlord that "they" would not be receiving any other money. (*Id.*) Plaintiff claimed that this violateed her "Disability Rights" and her "Civil Rights." (*Id.*)

Plaintiff complained bitterly about the way that she was treated by DSS, stating that she gave DSS every "documentation," but that she was misunderstood, undermined, disrespected, and belittled in front of numerous individuals in the DSS waiting room by other representatives of the DSS. (Compl. at 4). She stated that she is a "woman of all nations" and should be treated in a "human and kind" manner. (Compl. at 5). Plaintiff also alleged that defendant Soldato and Mrs. Smith were responsible for plaintiff's ongoing mental outburst and excessive crying. However, "thanks to officers" who escorted plaintiff to the psychiatric ward, she was able to receive medical attention so that she may "face society in a sound state of mind." (*Id.*)

Plaintiff sought substantial monetary relief for "pain and suffering," stress, and "unable to get my point across because of disability." (Compl. at 7). She also sought relief because the defendant has belittled and embarrassed her. Finally she seemed to state that this Human Services employee showed "total detachment" and was not

---

[3] The court assumes that "her responsibility" refers to Ms. Smith. Plaintiff may be trying to say that defendant Soldato was explaining to plaintiff that Ms. Smith had no right to inform plaintiff that she would be getting money as soon as DSS received plaintiff's diagnosis. The complaint was very disjointed, and it was difficult to determine to whom plaintiff could have been referring to in that sentence. The court interpreted the sentence in the way that would make the most sense.

3

willing to assist with plaintiff's case.[4] (*Id.*)

Plaintiff attached sixty-seven pages of exhibits to her complaint. (Dkt. No. 1-1). The court interpreted plaintiff's attachments as an attempt to show that she submitted the proper papers to DSS to prove her financial status, among other things. The exhibits also contained a great deal of medical information relating to the plaintiff.[5] Plaintiff's exhibits included an "Appointment Confirmation" with the Social Security Administration in conjunction with a future application for Supplemental Security Income ("SSI"). (Dkt. No. 1-1 at 16-17). The date of plaintiff's appointment with Social Security was May 2, 2014. (*Id.*)

## II. This Court's Previous Recommendation

In my prior recommendation, I reviewed the possible bases for any constitutional violation that plaintiff could have stated under section 1983. (Dkt. No. 4 at 5-9). I then reviewed the complaint to determine whether a claim could be stated on any other basis for federal jurisdiction. (*Id.* at 9-12). I reviewed the complaint for possible claims under both the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132 and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a). I concluded that based on the facts as stated by plaintiff, without more, this court could not find that plaintiff's complaint stated a plausible claim for the violation of "Disability Rights," under either the ADA or the RA. (*Id.* at 11-12). The court even examined whether plaintiff might be able to

---

[4] As I stated in my original recommendation, plaintiff's complaint was very difficult to read, both due to plaintiff's handwriting and due to grammatical errors in plaintiff's sentences. Thus, the court interpreted plaintiff's statements as broadly as possible.

[5] Because of privacy issues, the court limited access to these documents.

4

state a plausible due process claim based upon a blank form that she attached as an exhibit. The court did note, however, that the named defendant may have had no personal involvement in the benefits which related to the blank form.

In my conclusion, I recommended dismissing the complaint without prejudice so that plaintiff could file an "amended" complaint in which she would have the opportunity to clarify her claims based on this court's statement of what it thought plaintiff might be trying to allege. (*Id.* at 12).

### III. Plaintiff's "Amended Complaint"

On August 6, 2014, plaintiff filed what she called her "Amended Complaint." (Dkt. No. 6). The purpose of an amended complaint is to allow plaintiff to submit material that would clarify the claims that she is trying to make. An amended complaint must be able to replace the original completely. Unfortunately, rather than clarifying anything, plaintiff has simply filed a letter, stating that she is "asking to pursue with [sic] all allegations concerning the matter at hand and to the best of my knowledge. I believe Mrs. Lucille Soldato violated my civil rights, all that was reported prior concerning my Disability Discrimination, would like all to handle my case/issue in a professional manner." (*Id.*) Plaintiff still seems to be attempting to name Mrs. Soldato as a defendant because she allegedly did not treat the plaintiff in a professional manner and reasserted the same facts as in her original complaint. The verbal harassment and mistreatment allegations in plaintiff's prior complaint were dismissed with prejudice by Judge Sharpe. (Dkt. No. 5 at 2).

Because this court recommended dismissing plaintiff's original complaint for

failure to state any plausible claim against the only named defendant, and plaintiff has not added any allegations that would change the court's recommendation, I must again recommend dismissal of the action based on my prior analysis. The court has considered whether to give plaintiff the opportunity to file another amended complaint, but, it is questionable whether plaintiff would ever be able to state a claim based on the allegations that she is making.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's complaint be dismissed **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**Dated: August 11, 2014**

Hon. Andrew T. Baxter
U.S. Magistrate Judge